

for failure to prosecute in accordance with the rules.

**Sylvia A. KAPEN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 05–3200.**

United States Court of Appeals, Federal Circuit.

July 1, 2005.

Sylvia A. Kapen, pro se.

**ORDER**

Order Vacated, See 144 Fed.Appx. 885.

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Thomas A. PORTER, Plaintiff–**
**Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 05–5105.**

United States Court of Appeals, Federal Circuit.

July 1, 2005.

**ORDER**

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Joash R. SOLAS, Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of**
**Veterans Affairs, Respondent–**
**Appellee.**

**No. 05–7134.**

United States Court of Appeals, Federal Circuit.

July 1, 2005.

Joash R. Solas, pro se.

## ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Kevin P. MILLER, Plaintiff–Appellant,

v.

Cristina MILLER–FITZGIBBONS, Defendant.

No. 05–1234.

United States Court of Appeals, Federal Circuit.

July 2, 2005.

Kevin P. Miller, pro se.

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

### ORDER

PER CURIAM.

Kevin P. Miller responds to the court's April 28, 2005 order directing him to respond concerning whether this appeal should be dismissed.

The United States District Court for the Eastern District of Missouri dismissed Miller's complaint as frivolous, determining that Miller's case concerned "the custody of minor children [and] contain[ed] no basis for federal jurisdiction." *Miller v. Miller–Fitzgibbons,* No. 4:05–CV–30 (E.D.Mo. Jan. 27, 2005). The district court subsequently entered an order stating that any appeal taken from the dismissal would not be taken in good faith.

The underlying matter involved alleged civil rights violations outside of this court's limited jurisdiction. *See* 28 U.S.C. § 1295. The usual course when a notice of appeal is misdirected to this court is to transfer the appeal to the regional circuit, in this case the United States Court of Appeals for the Eighth Circuit, pursuant to 28 U.S.C. § 1631. However, section 1631 allows us to transfer an appeal only if transfer would be "in the interest of justice." If an appeal is frivolous, it is not in the interest of justice to transfer to another court. *See Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000–01 (Fed.Cir. 1987) ("[t]he phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits"). Furthermore, it has come to the court's attention that the Eighth Circuit has barred Miller from making further filings. *See Miller v. Missouri Sup.Ct.,* No. 03–3767 (8th Cir. Jan. 14, 2004) ("It is further ordered that appellant is barred from making any further filings in this court, either in this or any other case"). Thus, we determine that transfer is not in the interest of justice.

In his response to the court's order concerning whether his appeal should be dismissed, Miller cites 28 U.S.C. § 1295(a)(2) as a basis for jurisdiction in this court. The court has jurisdiction under Section 1295(a)(2) to adjudicate appeals in cases in which the United States is the defendant. The defendant in Miller's complaint was Cristina Miller–Fitzgibbons, not the Unit-